UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:05 CR 565 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| HECTOR RIVAS, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. Rivas's Motion for Relief Under 28 U.S.C. § 2255. Mr. Rivas has argued that he is entitled to re-sentencing because his conviction under 18 U.S.C. § 924(c) (Count Three) for Use of a Firearm During and in Relation to a Crime of Violence was rendered unconstitutional by the decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015).  On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the residual clause, assessing a penalty for "conduct that presents a serious potential risk of physical injury to another" in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague.   In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and should be

applied retroactively.  Johnson did not invalidate any other portion of the definition of a "crime of violence."

A crime of violence under 19 U.S.C. § 924(c) means any offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  18 U.S.C. § 924(c)(3)(A),(B).   The underlying "crime of violence" referred to in Mr. Rivas' third count of conviction is the Hobbs Act Robbery he pled guilty to under Count Two.   His conviction under the Hobbs Act required a finding that he unlawfully took property from another  "by means of actual or threatened force, or violence" or by "fear of injury, immediate or future, to [the other] person or [his] property," or that he committed or threatened physical violence to any person or property in furtherance of a plan to do so. 18 U.S.C. §1951(a), (b)(1).

Under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 588-89 (1990), Mr. Rivas' conviction meets the definition of a crime of violence under subsection (A), and the residual clause of subsection (B) need not be applied.   The element of "use of actual or threatened force or violence" meets the requirement that there be an element of "use, attempted use, or threatened use of physical force."   Brandishing a gun satisfies this element.  Further, even if the conviction relied on the alternative element of creating "fear of injury," the Sixth Circuit has indicated that this is the equivalent of intimidation, which, in turn is the equivalent of threatening physical force.  Because Mr. Rivas' conduct constitutes a "crime of violence" without having to rely on the equivalent of the residual clause for 18 U.S.C. § 924(c)(3)(B), and because *Johnson* affected only the application of the residual clause language in the ACAA, *Johnson* has no arguable effect on the validity of Mr. Rivas' conviction.

Further, the Sixth Circuit has held that *Johnson* does not invalidate the residual clause of 18 U.S.C. § 924(c)(3)(B).  *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).  Therefore, even if Hobbs Act Robbery did not constitute crimes of violence under Section 924(c)(3)(A), it would qualify under the residual clause of Section 924(c)(3)(B), and *Johnson* has not be held to have any effect on the validity of that section.  *Johnson* does not apply to his case, and any other potential claims are either time-barred and/or waived by his plea agreement[1] (ECF #48, at ¶ 9, 9a, 11).  *See, United States v. Morrison*, Case No. 16-5452 (6th Cir. January 25, 2017)(appeal waiver bars post-conviction claims of mis-classification as career offender under the Guidelines, even when there has been a change of law affecting the classification); 28 U.S.C. §2255(f); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)(generally there is a one year statute of limitations on post-conviction claims).

The Motion to Vacate (ECF #53), is DENIED, and this case is terminated.  IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  March 23, 2017

---

[1] Mr. Rivas' conviction under Count Three subjected him to a mandatory minimum sentence of seven years, consecutive to any other sentence.  He was sentenced to eighty-four months (seven years) on Counts 1, 2, and 5 to run concurrent, with an additional eighty-four months on Count 3 to run consecutive to the others, his total sentence was 168 months.  The statutory maximum sentence for Counts 1,2, and 5, combined would have equaled forty years. (ECF #48).  The statutory maximum for Count 3 was seven years to life, consecutive to any other sentence.  Mr. Rivas received the lowest possible sentence on Count 3, and was sentenced well below the maximum statutory sentence, even disregarding the maximum allowable sentence for Count 3.  He also received a sentence at the lowest end of the sentencing guidelines.  (ECF #52).  He waived appeal of any sentence that did not exceed the maximum statutory sentence, or the maximum guideline sentence under the correct criminal history category.